## ABILENE DIAGNOSTIC CLINIC, Appellant,

v.

## Charlette DOWNING, as Representative of the Estate of Justin D. Pruitt, Deceased, Appellee.

No. 11–06–00012–CV.

Court of Appeals of Texas, Eastland.

Aug. 23, 2007.

C. Davis Chapman, James G. Stouffer, Jr., Wallach, Andrews & Stouffer, P.C., Fort Worth, for appellant.

Rick Dunbar, Burt L. Burnett, Burnett & Burke, LLP, Abilene, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

This is an appeal from the trial court's dismissal of a health care liability claim. Abilene Diagnostic Clinic (the Clinic) appeals from the trial court's order granting the Clinic's motion to dismiss but denying an award for attorney's fees. We affirm in part and reverse and remand in part on the issue of attorney's fees.

On May 29, 2003, Charlette Downing, as representative of the estate of Justin D. Pruitt, deceased, filed a health care liability action against Living Centers of Texas, Inc., d/b/a Care Inn of Abilene, Steven Wachs, M.D., and the Clinic. On January 12, 2004, the Clinic filed a motion to dismiss pursuant to TEX.REV.CIV. STAT. ART. 4590i, § 13.01(d) (1997),[1] which requires a claimant in a health care liability claim to provide an expert report to each physician or health care provider not later than the 180th day after the cause is filed. On January 28, 2004, Downing filed a motion to nonsuit as to Dr. Wachs and the Clinic.

---

1. TEX.REV.CIV. STAT. ART. 4590i (1997), the Medical Liability and Insurance Improvement Act, was repealed effective September 1, 2003, but it was still in effect at the time this lawsuit was filed. We note that the current version of the medical liability provisions have been codified at TEX. CIV. PRAC. & REM.CODE ANN. ch. 74 (Vernon 2005 & Supp.2006).

On that same day, the trial court held a hearing on the Clinic's motion to dismiss. The trial court entered an order dismissing with prejudice Downing's claims against Dr. Wachs and the Clinic.[2] The Clinic requested attorney's fees as provided in Article 4590i, section 13.01(e); however, the trial court did not award attorney's fees.

On October 18, 2005, the trial court entered an order dismissing with prejudice Downing's claims against Living Centers of Texas. The Clinic filed a motion for order on notice of appeal pursuant to Tex.R. Civ. P. 306a(5). After a hearing, the trial court found that the Clinic did not receive notice of the order dismissing the remaining defendant in the cause. The trial court further found that the Clinic received actual notice on December 13, 2005, and that the Clinic was a party "adversely affected" by the October 18 order.

In its sole issue on appeal, the Clinic argues that the trial court erred in refusing to award attorney's fees. We will first address Downing's argument that the trial court lacked jurisdiction to extend the appellate deadlines.

■ Tex.R. Civ. P. 306a(1) provides that the periods within which parties may file various postjudgment motions and trial courts may exercise their plenary jurisdiction all run from the date the judgment is signed. Tex.R. Civ. P. 306a(3) requires clerks to notify parties or their attorneys immediately when a judgment is signed. Tex.R. Civ. P. 306a(4) states that, when a party adversely affected by a judgment or order does not receive notice or acquire actual knowledge of the order, the time periods set out in paragraph (1) begin on the date that the party receives notice or acquires actual knowledge of the signing.

Rule 306a(5) states that the "party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing."

Downing argues that, in order to extend the jurisdictional deadlines, the Clinic needed to "file a plenary-power-extending motion, or obtain a ruling on the Sworn Motion for Order on Notice of Appeal within 30 days of December 13, 2005." The Clinic established that it was adversely affected by the October 18 order of dismissal and that it received actual notice of the order on December 13, 2005. The trial court's jurisdictional deadlines as discussed in Rule 306a(1) began to run on December 13, 2005, and the Clinic filed its notice of appeal on January 12, 2006. Tex. R.App. P. 26.1. The Clinic followed the procedures set out in Tex.R. Civ. P. 306a and timely perfected its appeal. Moreover, Downing raised this argument in a motion to dismiss appeal for want of jurisdiction, which this court overruled on March 1, 2006.

■ We now turn to the Clinic's argument that the trial court abused its discretion by granting a dismissal of Downing's cause of action for failure to comply with Article 4590i, section 13.01(d) and not including an award of attorney's fees as prescribed by the statute. Article 4590i, section 13.01(e) provided:

> If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter

---

**2.** See Tex.R. Civ. P. 162, which provides that a nonsuit does not affect motions for attorney's fees or costs that are pending at the time of the dismissal.

an order awarding as sanctions against the claimant or the claimant's attorney:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and

(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

Statutes providing that a party "shall" be awarded attorney's fees are not discretionary. *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998); *Doades v. Syed,* 94 S.W.3d 664, 674 (Tex.App.San Antonio 2002, no pet.). If the requirements of Article 4590i, section 13.01(d) are not met, the court must "enter an order as sanctions" dismissing the case and granting the defendant its costs and attorney's fees. Article 4590i, section 13.01(e); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001); *Hagedorn v. Tisdale,* 73 S.W.3d 341 (Tex.App.Amarillo 2002, no pet.). The trial court abused its discretion in refusing to award the Clinic attorney's fees after dismissing the cause with prejudice pursuant to Article 4590i, section 13.01(d). *Palacios,* 46 S.W.3d at 877. The Clinic's sole issue on appeal is sustained.

The portion of the trial court's order dismissing Charlette Downing's claim is affirmed. However, the portion of the trial court's order denying the Clinic's request for attorney's fees and costs of court is reversed and remanded for an entry of an award of attorney's fees and costs of court.