COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


NO. 2-07-101-CV


JERRY GURKOFF, D.O.                                                          APPELLANT

V.

ROSEMARY JERSAK                                                              APPELLEE

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The question in this case is whether the trial court erred by refusing to award attorney's fees to a doctor when it dismissed his former patient's medical malpractice claim after she failed to file an expert report under former article 4590i. The question is complicated by several facts: The patient died before the trial court dismissed her claims; her estate was not probated; her

---

[1] *See* TEX. R. APP. P. 47.4.

heirs did not prosecute her claims and did not oppose dismissal with prejudice; and the doctor ultimately abandoned his claim for attorney's fees against the patient's estate and sought an award of fees from her attorneys only. We affirm.

**Procedural History**

Jerry Gurkoff, D.O. performed surgery on a finger of Rosemary Jersak's right hand in February 2002. Rosemary later signed a contract for legal services with Grey Pierson of the Pierson Behr law firm and sued Gurkoff in August 2003, alleging that he had operated on the wrong finger. Gurkoff filed a timely answer.

In March 2004, Gurkoff filed a motion to dismiss Rosemary's claims with prejudice because she had not filed an expert report under the Medical Liability and Insurance Improvement Act ("MLIIA" or "article 4590i").[2] Rosemary filed a response, arguing that Gurkoff's own expert reports satisfied the statutory

---

[2] *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985-87, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2007)). All section references in this opinion are to the 1995 version of Texas Revised Civil Statutes article 4590i, which was in effect at the time this suit was filed and will be referred to as the "1995 version" or "former version." Rosemary filed her original petition three days before the current version took effect.

2

requirement and that the doctrine of res ipsa loquitur obviated the need for an expert report.

The trial court heard the motion to dismiss on May 6, 2004. On May 7, the trial court notified counsel by letter that it was granting the motion to dismiss. The trial court also noted that time had not permitted testimony regarding attorney's fees at the hearing and requested that the parties confer and attempt to reach an agreement regarding fees.

On June 11, 2004, Rosemary filed a motion for reconsideration, again asserting that the doctrine of res ipsa loquitur obviated the need for an expert report. The trial court heard the motion on September 2, 2004, and stated on the record, "I'm granting the motion for reconsideration, and I want to look at all the cases that [Rosemary's counsel] handed me and the brief, and I'll issue a letter ruling [on Gurkoff's motion to dismiss]. . . . I'm granting the motion for reconsideration. I'm reconsidering my ruling." Then, on September 7, 2004, the trial court referred the case to mediation.

Rosemary died from causes unrelated to the surgery on October 16, 2004, and her attorneys filed a suggestion of death on October 22. On February 10, 2005, Gurkoff filed an application for the issuance of scire facias. Rosemary's husband, George Jersak, filed an "Original Answer to Scire Facias" on May 16, 2005, stating that the primary assets of Rosemary's estate were

3

her community share of the marital home and her claim against Gurkoff; that George had no desire to pursue the instant litigation; and that he did not intend to initiate probate proceedings.

Meanwhile, Gurkoff filed an objection to the trial court's mediation referral and a supplemental motion to dismiss and for attorney's fees. On June 10, 2005, George filed a motion to extend the deadline to file an expert report under 4590i section 13.01(g). *See* TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(d) (1995 version). He also filed a response to Gurkoff's objection to mediation and supplemental motion to dismiss, asserting that the trial court did not have jurisdiction over the matter because Gurkoff had not fully complied with rule of civil procedure 151 and presented evidence that no administration of Rosemary's estate was pending or necessary. The trial court held a hearing on June 15, 2005, but declined to hear the merits of any motions that day and indicated that the parties should proceed to mediation under the court's prior order.

Following an unsuccessful mediation, Gurkoff filed a second supplemental motion to dismiss and request for attorney's fees, this time asking the trial court to award attorney's fees against Rosemary's attorneys only. The trial court heard the motion on January 6, 2006. At the hearing, George argued that the trial court did not have jurisdiction to rule on Gurkoff's motion. Gurkoff

4

presented evidence of his attorney's fees and costs. On February 22, 2006, the trial court sent the parties a letter stating that Gurkoff had not fulfilled rule of civil procedure 151's requirements and that it could not rule on Gurkoff's motion until those requirements were satisfied.

Gurkoff filed an application for issuance of scire facias against Rosemary's only children, Brian Jersak and Brenda Cook. Scire facias issued and was served on Brian and Brenda, but neither filed an answer or otherwise appeared in the case.

The trial court held another and final hearing on Gurkoff's motion to dismiss on January 11, 2007. Before the hearing, George Jersak made the following stipulations to avoid having to appear and testify:

1. George was married to Rosemary at the time of her death;

2. Rosemary had two surviving children, Brian and Brenda;

3. No administration for Rosemary's estate had been filed or was pending;

4. No personal representative had been appointed for Rosemary's estate;

5. To George's knowledge, no court had appointed an administrator for Rosemary's estate;

6. A document attached to the stipulations was a copy of Rosemary's will; and

5

7. Rosemary's signature appeared on the contract for legal services between her and the Pierson Behr law firm.

At the hearing, the parties presented additional arguments on jurisdiction, and Dr. Gurkoff presented more evidence of his attorney's fees.

On January 23, 2007, the trial judge issued a letter explaining that it did not have jurisdiction over Rosemary's estate and, therefore, could not assess attorney's fees against the estate. But with regard to dismissal, the trial court asked whether there was any objection to the dismissal of Rosemary's claims with prejudice.

Grey Pierson submitted a letter to the court stating that neither he, his firm, nor George objected to the dismissal of Rosemary's claims with prejudice. Gurkoff's attorney submitted a letter brief objecting to the dismissal of the case without an award of attorney's fees, asserting that the trial court did have jurisdiction to assess fees; arguing that Gurkoff was entitled to select the party against whom the court assessed fees; and identifying Grey Pierson, his associate Jeffrey Poster, and the Pierson Behr firm as the parties against whom the trial court should assess fees.

On February 22, 2007, the trial court signed an order granting Gurkoff's motion to dismiss, dismissing Rosemary's claims with prejudice, and denying Gurkoff's request for attorney's fees. Gurkoff filed this appeal.

6

No appellate brief was filed on behalf of the named appellee, Rosemary Jersak. Instead, Grey Pierson filed a brief in his personal capacity, "not as a named appellee and not on behalf of [Rosemary]," because Gurkoff seeks attorney's fees not from Rosemary, her estate, or her heirs, but only from her former attorneys.

**Discussion**

In a single issue, Gurkoff argues that the trial court abused its discretion by refusing to award him attorney's fees against attorneys Pierson and Poster and the Pierson Behr law firm because the award of fees is mandatory under the relevant provisions of article 4590i. In reply, Pierson argues that the trial court lacked jurisdiction to assess fees because Gurkoff did not comply with the requirements of rule 151; article 4590i does not mandate the award of fees solely against a claimant's attorneys; and article 4590i does not give a defendant the right to choose the party against whom the trial court should award fees.

Ordinarily, dismissal of the plaintiff's claims and an award of attorney's fees to the defendant doctor are mandatory sanctions when a medical malpractice claimant fails to file a timely expert report. Article 4590i provides that a claimant in a healthcare liability claim must, with regard to each physician or healthcare provider against whom a claim is asserted, either file an

7

expert report or voluntarily nonsuit the action against the physician or healthcare provider. TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(d) (1995 version). The trial court may extend the 180-day deadline once by up to thirty days, and the parties may agree to extend the deadline. *Id.* § 13.01(f), (h). If a claimant fails to file a timely report,

> the court *shall*, on the motion of the affected physician or health care provider, enter an order awarding as sanctions *against the claimant or the claimant's attorney*:
>
> (1) the reasonable attorney's fees and costs of court incurred by that defendant; [and]
>
> . . . .
>
> (3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

*Id.* § 13.01(e) (emphasis added).

Statutes providing that a party "shall" be awarded attorney's fees are not discretionary. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *Doades v. Syed,* 94 S.W.3d 664, 674 (Tex. App.—San Antonio 2002, no pet.). If the requirements of article 4590i, section 13.01(d) are not met, the court must "enter an order . . . as sanctions" dismissing the case and granting the defendant its costs and attorney's fees. TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(e) (1995 version); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001); *Moseley v. Behringer*, 184 S.W.3d 829, 833

8

(Tex. App.—Fort Worth 2006, no pet.) (holding that when a plaintiff fails to timely file an expert report, the trial court has no discretion but to order dismissal). A trial court abuses its discretion when it dismisses a claim under section 13.01(e) without awarding attorney's fees to the defendant. *Abilene Diagnostic Clinic v. Downing,* 233 S.W.3d 532, 535 (Tex. App.—Eastland 2007, pet. denied); *see Estrello v. Elboar,* 965 S.W.2d 754, 759 (Tex. App.—Fort Worth 1998, no pet.) ("Section 13.01(e)(1) mandates that, upon a plaintiff's failure to comply with 13.01(d), the trial court shall award the successful defendant reasonable attorneys' fees and costs of court."). The amount of fees awarded is within the trial court's discretion, but it cannot completely refuse to award fees. *Trevino v. Carrizales*, No. 13-05-00556-CV, 2006 WL 2371350, at *1 (Tex. App.—Corpus Christi Aug. 17, 2006, no pet.) (mem. op.).

While the award of attorney's fees is mandatory in the appropriate circumstances, section 13.01(e) gives the trial court the choice of whether to award fees "against the claimant *or* the claimant's attorney." TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(e) (1995 version) (emphasis added). This choice necessarily involves the exercise of discretion; thus, whether to assess fees against the claimant or against the claimant's attorney is within the trial court's discretion. *See id.*

9

Here, Rosemary failed to file the expert report required by section 13.01(d). Gurkoff filed a motion to dismiss and a request for attorney's fees, and he offered evidence of his attorney's fees. Under ordinary circumstances, the trial court would have had the statutory duty to dismiss the case and award Gurkoff some amount of attorney's fees "against the claimant *or* the claimant's attorney." *Id.* (emphasis added).

But as the procedural history of the case shows, the circumstances presented here are not ordinary. When Rosemary's former attorneys[3] challenged the trial court's jurisdiction to award attorney's fees against Rosemary's estate, Gurkoff avoided the jurisdictional issue by amending his request for attorney's fees to seek an award of fees from Rosemary's former attorneys only.[4]

Gurkoff argues that the "or" in "against the claimant *or* the claimant's attorney" "permits the moving party to dictate the party against whom it seeks

---

[3] The attorneys who represented Rosemary before she died are her "former" attorneys because the attorney-client relationship terminates upon the client's death. *See Murphy v. Murphy*, 21 S.W.3d 797, 798 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

[4] Because Gurkoff limited his request for attorney's fees to an award against Rosemary's former attorneys only, we need not address Pierson's argument that the trial court lacked jurisdiction to award attorney's fees against Rosemary's estate. *See* TEX. R. APP. P. 47.1.

the mandated sanctions." We reject this argument. Gurkoff concedes that no case law supports his contention, and nothing in the statute itself suggests that the defendant, as opposed to the trial court, is entitled to decide whether the claimant or the claimant's attorney must pay the attorney's fee sanction. Putting the choice in the hands of the defendant would run contrary to well-established law relegating sanctions to the trial court's discretion. *See Am. Transitional Care Ctrs.*, 46 S.W.3d at 877–78 (identifying abuse of discretion as the proper standard of review for section 13.01(e) sanctions as it is for sanctions under other statutes and rules).

What, then, was the effect of Gurkoff's amended request seeking attorney's fees from Rosemary's former attorneys only? Section 13.01(e) places the power to decide against whom to order attorney's fees — against the claimant or the claimant's attorney — in the hands of the trial court. Gurkoff's amended request did not remove that power from the trial court; instead, his amended request effectively waived any attorney's fees the trial court might award against Rosemary's estate. The net result of this waiver opened the door for the trial court to exercise its discretion by denying the request for attorney's fees altogether. In other words, the trial court always had the discretion to decline to award attorney's fees against Rosemary's attorneys. Gurkoff's waiver of fees against the claimant did not deprive the trial court of

11

that discretion. Instead, it changed the effect of the trial court's decision not to award fees against the claimant's attorneys from a mandatory award of fees against the claimant to no award at all.

Because the trial court always had the discretion to *not* award fees against Rosemary's former attorneys, the last question we must address is whether the trial court abused that discretion by so deciding. To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*. The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

In the trial court, Rosemary's attorneys argued that the doctrine of res ipsa loquitur obviated the need to file an expert report under article 4590i. The trial court took this argument seriously enough to grant Rosemary's motion for

12

reconsideration.  Rosemary died before the trial court issued another ruling, and much of the delay and procedural wrangling that followed was related more to her death than her attorneys' failure to file an expert report.  And it was not until July 2005—ten months after the trial court granted Rosemary's motion for reconsideration and nine months after her death—that the supreme court held that healthcare liability claimants must comply with 4590i's expert-report requirement even in cases where expert testimony is not required to establish liability at trial, as in cases where res ipsa loquitur applies. *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005).

Under the circumstances, we hold that the trial court did not abuse its discretion by denying Gurkoff's request for attorney's fees against Rosemary's former attorneys.  We overrule Gurkoff's sole issue and affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  April 10, 2008

13