Nancy D. McCLELLAN, Appellant,

v.

HICA EDUCATION LOAN CORPORA-TION, acting by and through its Servicing Agent, SALLIE MAE, INC., Appellee.

No. 05–08–01549–CV.

Court of Appeals of Texas, Dallas.

May 10, 2010.

Jack B. Peacock, Jr., D.G. Gagnon, Cynthia Kay Shanklin, Gagnon & Peacock & Shanklin, P.C., for Appellant.

F. Scott Flow, Flow Law Firm, P.L.L.C., Amarillo, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice MOSELEY.

HICA Education Loan Corporation, acting by and through its servicing agent, Sallie Mae, Inc., sued Nancy D. McClellan for breach of contract. McClellan was served with process but did not answer. The trial court granted a default judgment in HICA's favor. In a single issue, McClellan contends the trial court erred in denying her second motion for new trial. For the reasons set forth below, we conclude the trial court's order denying the second motion for new trial is void.

Therefore, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

The trial court signed the judgment on August 6, 2008, awarding HICA damages, attorney's fees, additional appellate attorney's fees, costs, and pre- and post-judgment interest. Acting pro se, McClellan filed a motion for new trial on August 22, 2008. Without elaboration or support, she asserted merely that she received no notice of trial, she had a meritorious defense, and the granting of a new trial would not injure HICA. The trial court denied that motion by written order on September 4, 2008.

On September 5, 2008, McClellan, represented by counsel, filed a second motion for new trial, supported by her affidavit, setting forth the requirements of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392–93, 133 S.W.2d 124, 126 (1939), and arguing she met those requirements. On September 23, 2008, McClellan moved for leave to file the second motion for new trial, explaining that counsel was unaware of the first motion, which did not allege the *Craddock* factors. No written ruling on this motion for leave to file appears in the record. The trial court denied the second motion for new trial by written order on October 8, 2008. No other postjudgment motions were filed. This appeal followed.

## JURISDICTION

▆ Rule of civil procedure 306a(1) provides that the periods within which parties may file various postjudgment motions and trial courts may exercise their plenary jurisdiction all run from the date the judgment is signed. Tex.R. Civ. P. 306a(1); *Abilene Diagnostic Clinic v. Downing*, 233 S.W.3d 532, 534 (Tex.App.-Eastland 2007, pet. denied). A motion for new trial "shall be filed prior to or within thirty days after the judgment ... is signed." Tex.R. Civ. P. 329b(a). Once extended by a timely filed motion for new trial, the trial court's plenary power extends until thirty days after the motion is overruled, whether by written order or by operation of law. *See* Tex.R. Civ. P. 329b(e); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex.1993) (orig.proceeding) (per curiam). An amended motion for new trial may be filed without leave of court when: (1) no preceding motion for new trial has been overruled, and (2) it is filed within thirty days of judgment. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69 (Tex.2008) (orig. proceeding) (citing Tex.R. Civ. P. 329b(b)). Thus, an amended new-trial motion is timely filed only before the trial court overrules a prior one. *Id.* An amended new-trial motion filed afterwards: (1) need not be considered by the trial court, and (2) does not extend the trial court's plenary power. *Id.* Judicial action taken after the trial court's plenary jurisdiction over a cause has expired is a nullity, and an appeal based upon a void judgment should be dismissed for lack of jurisdiction. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex.1995) (per curiam) (citing Tex.R. Civ. P. 329b(d)).

## DISCUSSION

▆ Here, the judgment was signed August 6, 2008, extending the trial court's plenary power to September 5, 2008. McClellan's first motion for new trial was timely filed on August 22, 2008. *See* Tex.R. Civ. P. 329b(a). The trial court denied it on September 4, 2008, extending the trial court's plenary power to October 6, 2008.[1] *See* Tex.R. Civ. P. 329b(e). Be-

---

1. The thirtieth day was Saturday, October 4. However, pursuant to rule of civil procedure 4, in this case the trial court's plenary power expired on Monday, October 6, 2008, which was the first day after the thirtieth day that

cause McClellan's second motion was filed—on September 5, 2008—after the trial court overruled her first motion, the second motion was not timely filed as an amended motion and did not extend the trial court's plenary power. *See In re Brookshire Grocery Co.*, 250 S.W.3d at 69. McClellan's second motion was denied by an order signed on October 8, 2008, which was after the trial court's plenary power expired. *See id.* Accordingly, that order was void. *See State ex rel. Latty*, 907 S.W.2d at 486.

McClellan challenges only the denial of her second motion for new trial. Because the order appealed from is void, we dismiss this appeal for lack of jurisdiction. *See id.*

was not a Saturday, Sunday, or legal holiday.    *See* Tex.R. Civ. P. 4.