

**NUMBER 13-11-00494-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN N. MASTIN,                                                      Appellant,

v.

MICHAEL T. JELINEK, M.D.,                                      Appellee.

## On appeal from the 275th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Perkes
### Memorandum Opinion by Justice Garza

Appellant John N. Mastin challenges the trial court's judgment awarding $50,000

in attorney's fees, as well as $17,000 in contingent appellate attorney's fees, to appellee

Michael T. Jelinek, M.D.  Dr. Jelinek raises one issue on cross-appeal.  We affirm.

# I. BACKGROUND

Beginning in 2003, Mastin, an attorney, represented the family of Eloisa Casas and Casas's estate in a medical negligence lawsuit against Rio Grande Regional Hospital, Carlos Garcia-Cantu, M.D., and Dr. Jelinek. Within 180 days of filing suit, Mastin served on the defendants a medical expert report contending that Drs. Garcia-Cantu and Jelinek were negligent in failing to recognize that antibiotic medications were not being given to Casas for a period of six days and that this negligence resulted in a prolonged hospital stay and increased pain and suffering experienced by Casas. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 TEX. GEN. LAWS 2039, 2064 (former TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 TEX. GEN. LAWS 847, 884 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011)).

On March 9, 2004, Dr. Jelinek moved to dismiss the claims against him, alleging that the expert report was inadequate in that it "wholly failed to explain any causal connection between the alleged deviation from the applicable standard of care and [Casas's] alleged injuries." The motion requested "sanctions against the Plaintiffs to include: (1) reasonable attorney's fees and costs incurred by this Defendant; (2) forfeiture of all applicable cost bonds; and (3) the dismissal of this action against this Defendant with prejudice to the re-filing of such claims." The trial court denied the motion; however, several months later, the Casases non-suited their claims against both individual doctors.

The case against the hospital proceeded to trial and the plaintiffs prevailed. The hospital and Dr. Jelinek then each filed appeals. In his appeal, Dr. Jelinek asserted that the trial court erred by denying his motion to dismiss and by failing to award sanctions.

2

We affirmed. *Jelinek v. Casas*, No. 13-06-00088-CV, 2008 Tex. App. LEXIS 5647, at *25–29 (Tex. App.—Corpus Christi July 29, 2008) (mem. op.), *rev'd*, 328 S.W.3d 526 (Tex. 2010). The Texas Supreme Court, however, granted Dr. Jelinek's petition for review and a majority of the Court reversed the trial court's judgment. 328 S.W.3d at 538–41.[1] With respect to Dr. Jelinek, the majority found that the Casases' expert report was "conclusory" as to causation because "[i]t offers no more than a bare assertion that Dr. Jelinek's breach resulted in increased pain and suffering and a prolonged hospital stay." *Id.* at 540; *but see id.* at 543 (Jefferson, C.J., dissenting) (noting that in other cases finding an inadequate medical expert report, "the trial court could not have evaluated the claim's merit without speculating about actions the defendant could have taken to prevent injury," but that "[n]o such speculation is required here" because the expert report "states that had the antibiotics been administered from July 17 through July 23, Eloisa Casas would have suffered less"). The Court remanded the cause "for an award of attorney's fees and costs under former article 4590i § 13.01(e) against the Casases and their counsel." *Id.* at 540.

On remand, Dr. Jelinek filed a "Motion to Enter Order in Compliance with Mandate" in which he requested that he be awarded "attorney's fees, costs and a dismissal in accordance with the directive of the Supreme Court of Texas." The trial court rendered an order commanding Mastin and his law office to pay attorney's fees to Dr. Jelinek in the amount of $50,000. The order also provided for the following appellate attorney's fees, contingent on Dr. Jelinek's success at each stage of the proceedings: $6,000 for an appeal to this Court; $5,000 if a petition for review is filed

---

[1] We also affirmed the trial court's award of damages to the Casas family. *Jelinek v. Casas*, No. 13-06-00088-CV, 2008 Tex. App. LEXIS 5647, at *10–25 (Tex. App.—Corpus Christi July 29, 2008) (mem. op.), *rev'd*, 328 S.W.3d 526 (Tex. 2010). The Texas Supreme Court reversed that part of the trial court's judgment as well. 328 S.W.3d at 532–38. The Casases are not parties to this appeal.

3

with the Texas Supreme Court; and $6,000 if full briefing on the merits is requested by the Texas Supreme Court.

This appeal followed.

## II. Discussion

### A. Standard of Review and Applicable Law

A trial court's award of attorney's fees is reviewed for an abuse of discretion. *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 775 (Tex. App.—Corpus Christi 2007, no pet.) (op. on reh'g) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam)). A trial court abuses its discretion when it acts arbitrarily and unreasonably or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Section 13.01 of former article 4590i of the Texas Revised Civil Statutes allowed a defendant in a medical malpractice suit to seek dismissal of the suit and reasonable attorney's fees, to be assessed against a claimant or a claimant's attorney, in cases where the claimant failed to provide an adequate medical expert report. Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2064 (repealed 2003).[2] A trial court abuses its discretion if it dismisses a claim under former section 13.01(e) without awarding attorney's fees to the defendant. *Abilene Diagnostic Clinic v. Downing*, 233 S.W.3d 532, 535 (Tex. App.—Eastland 2007, pet. denied); *see Estrello v. Elboar*, 965 S.W.2d 754, 759 (Tex. App.—Fort Worth 1998, no pet.). While the award of

---

[2] The successor statute to section 13.01, Texas Civil Practice and Remedies Code section 74.351, is applicable only to actions filed on or after September 1, 2003. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884, 898–99 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West 2011)). The prior statute therefore applies to this case. We note that this Court has recently concluded that the successor statute "does not allow attorney's fees and costs to be assessed against the claimant's attorney." *Robinson v. Garcia*, No. 13-11-00263-CV, 2012 Tex. App. LEXIS 4788, at *12 (Tex. App.—Corpus Christi June 14, 2012, pet. filed).

4

attorney's fees is mandatory in the appropriate circumstances, former section 13.01(e) gives the trial court the choice of whether to award fees "against the claimant or the claimant's attorney." Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 TEX. GEN. LAWS 2039, 2064 (former TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(e)) (repealed 2003).

## B.    Analysis

Mastin argues that the trial court erred in its award of attorney's fees because (1) Dr. Jelinek waived his right to seek attorney's fees from Mastin because he only asked for attorney's fees to be assessed against the Casases, (2) Mastin was not a party to the underlying lawsuit, and (3) the relief was not supported by the pleadings or evidence.

Mastin first contends that Dr. Jelinek waived his ability to have fees assessed against Mastin. Waiver is defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, the question becomes one of law. *Id.* at 156–57.

Dr. Jelinek's original 2004 motion for sanctions and dismissal asked specifically for attorney's fees to be assessed "against the Plaintiffs." Mastin argues that this constituted a waiver of the right to recover fees from the plaintiff's attorneys—i.e., from him and his law firm. *See Gurkoff v. Jersak*, No. 02-07-101-CV, 2008 Tex. App. LEXIS 2677, at *10 (Tex. App.—Fort Worth Apr. 10, 2008, pet. denied) (mem. op.) (finding no abuse of discretion where trial court awarded no attorney's fees, despite "mandatory" nature of former section 13.01(e), because defendant requested fees only from

5

plaintiff's attorneys, not from the plaintiffs themselves, and "the trial court always had the discretion to not award fees against" the attorneys).

We disagree that waiver has been demonstrated here. Although the 2004 motion for sanctions and dismissal did not explicitly request that fees be assessed against Mastin, it was replete with references to former section 13.01(e), and it explicitly set forth the statute's provision that fees may be assessed against both the plaintiff and plaintiff's counsel. Moreover, the 2011 "Motion to Enter Order in Compliance with Mandate"—which is the motion that was granted by the judgment on appeal here— requested an award of "attorney's fees, costs and a dismissal in accordance with the directive of the Supreme Court of Texas"; the supreme court's 2010 mandate directed the trial court to "award . . . attorney's fees and costs consistent with this Court's opinion"; and its opinion, in turn, stated that the cause was to be remanded "for an award of attorney's fees and costs under former article 4590i § 13.01(e) against the Casases and their counsel." *Jelinek*, 328 S.W.3d at 540. Finally, we note that "for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Jernigan*, 111 S.W.3d at 156. We cannot say that the record "clearly demonstrate[s]" Dr. Jelinek's intent to waive his right under former section 13.01(e) to collect attorney's fees from Mastin.[3] We also reject, on these grounds, Mastin's argument that the trial court's award of attorney's fees was unsupported by Dr. Jelinek's pleadings. *See* TEX. R. CIV. P. 301.

---

[3] This contrasts with the fact pattern considered in *Gurkoff*. *See Gurkoff v. Jersak*, No. 02-07-101-CV, 2008 Tex. App. LEXIS 2677 (Tex. App.—Fort Worth Apr. 10, 2008, pet. denied) (mem. op.). In that case, the defendant sought attorney's fees against only the plaintiff's attorneys—and not against the deceased plaintiff's estate—because the trial court's jurisdiction over the estate was unclear. *See id.* at *6. Accordingly, unlike here, there was no dispute in *Gurkoff* as to whether the defendant intended to waive his right to collect attorney's fees against a particular party.

6

Mastin next argues that the award of attorney's fees against him was erroneous because he was never made a party to the underlying suit, and "[a] trial court cannot enter a binding judgment against a party unless the court has personal jurisdiction over that party." Again, we disagree. The award of attorney's fees against a plaintiff's attorney under former section 13.01(e) is in the form of a sanction. Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 TEX. GEN. LAWS 2039, 2064 (former TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(e)) (repealed 2003) (stating that, if the expert report requirement is not met, the court must "enter an order as sanctions" dismissing the case and granting the defendant its costs and attorney's fees); *see Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). And, it is well-established that a trial court possesses the inherent authority to sanction an attorney's behavior. *See, e.g., Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 732 (Tex. 1997).

Finally, Mastin contends that the trial court's award was unsupported by the evidence. He contends, specifically, that there was no evidence showing that the fees should have been assessed against him, rather than against the Casases. Dr. Jelinek contends, on the contrary, that there was no evidence showing that the fees should have been assessed against the Casases, rather than against Mastin. Our review of the record—in particular, the transcript of the March 22, 2011 hearing at which the trial court heard arguments on Dr. Jelinek's motion to enforce the supreme court's mandate—sheds little light on the issue. The bulk of the testimony offered by the attorneys concerned the reasonableness of the fees allegedly incurred by Dr. Jelinek. It did not concern the issue of who should be ordered to pay the fees. In any event, we note that the Texas Supreme Court has indicated that the failure to comply with the

7

medical expert report requirement[4] is, by and of itself, conduct amenable to sanctions.

In *Palacios*, the Court noted that, in enacting former section 13.01(e),

> [t]he Legislature has determined that failing to timely file an expert report, or filing a report that does not evidence a good-faith effort to comply with the definition of an expert report, means that the claim is either frivolous, or at best has been brought prematurely. . . . This is exactly the type of conduct for which sanctions are appropriate.

46 S.W.3d at 877; *see Clinica Santa Maria v. Martinez*, No. 13-09-573-CV, 2010 Tex. App. LEXIS 4788, at *14, *16 (Tex. App.—Corpus Christi June 24, 2010, pet. denied) (mem. op.) (noting that former section 13.01(e) "gave the trial court discretion with respect to whom the court should sanction" and stating that "we will not disturb the trial court's ruling with respect to who should pay the fees."). Under these circumstances, we conclude that the trial court's assessment of attorney's fees against Mastin, rather than against his clients, was supported by the evidence appearing in the record.

We overrule Mastin's issues.

## C. Cross-Appeal

On cross-appeal, Dr. Jelinek contends that the trial court erred in failing to award the total amount of attorney's fees that he requested. He notes that an award of attorney's fees is mandatory under former section 13.01(e) if no adequate medical expert report is timely filed. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 TEX. GEN. LAWS 2039, 2064 (former TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(e)) (repealed 2003). Dr. Jelinek notes that his attorney, Ronald G. Hole, testified that $70,786.50 was a reasonable and necessary amount of fees for handling the case up

---

[4] Mastin correctly notes that the trial court, this Court, and three justices of the Texas Supreme Court believed that the expert report requirement had, in fact, been satisfied with respect to the Casases' claims against Dr. Jelinek. However, a majority of the Texas Supreme Court concluded otherwise, and we are bound by their judgment. *See City of Mission v. Cantu*, 89 S.W.3d 795, 809 n.21 (Tex. App.—Corpus Christi 2002, no pet.) ("As an intermediate appellate court, we are bound to follow the expression of the law as stated by the Texas Supreme Court.").

until the day of the hearing; that $6,000 is a reasonable and necessary amount for an appeal to this Court; that $5,000 is a reasonable and necessary amount for a petition for review in the Supreme Court; and $6,000 is a reasonable and necessary amount to argue the merits in the Supreme Court should a petition for review be granted. Dr. Jelinek claims that this testimony was clear and uncontroverted and so must be taken as true as a matter of law. *See McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 210 (Tex. App.—Austin 2005, pet. denied) (holding that, "where trial counsel's testimony concerning attorney's fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law" and "in such instances, appellate courts will reverse a denial or minimization of attorney's fees and render judgment for attorney's fees in the amount proved").

We cannot conclude that Hole's testimony as to the reasonableness of the fee amounts was uncontroverted. Mastin cross-examined Hole on a range of issues and he testified that Hole "has in my opinion abused the discovery process during the course of this particular case." Mastin contends that he "reached out to [Hole] at least five times in an attempt to set a mutually agreeable time and date for [Dr.] Jelinek's deposition"; that he received no response from Hole; that he then filed notices of intention to depose Dr. Jelinek; and that Hole moved to quash those notices on the grounds that Mastin did not contact Hole to determine whether Hole was available on the noticed dates. Mastin further testified:

> I can say during my extensive litigation experience only one other case have I ever experienced an attorney that is as obstructive as Mr. Hole. I have during the course of handling probably a couple of thousand cases collectively have not faced or had as many sanctions filed against my clients or myself as in this one particular case that Mr. Hole did. I find his conduct abusive. I find it non cooperative. And part of during the course of the litigation in this case Mr. Hole did in my opinion everything he could to prolong it, extract it, delay it, and to cause cost to all other parties in the

case, and cost to his own client in this particular case, or the insurance company for the client. . . . Mr. Hole could get the trophy for the person who causes the most time and expense and abuses the discovery process to my experience . . . .

Considering this testimony, we conclude that the trial court was well within its discretion to determine that a reasonable and necessary amount of attorney's fees in this case was less than the amount testified to by Hole. *See Mercier*, 214 S.W.3d at 775 (citing *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41–42 (Tex. 1989)) (noting that, when reviewing matters reserved for the trial court's discretion, we may not substitute our own judgment for that of the trial court); *see also Clinica Santa Maria*, 2010 Tex. App. LEXIS 4788, at *12 ("[E]ven if there is no direct testimony to contradict the amount testified to, a trial court still has the discretion to award a lesser amount if it has any reason to determine that the award was unreasonable or unwarranted."). Dr. Jelinek's issue on cross-appeal is overruled.

### III. CONCLUSION

The trial court's judgment is affirmed.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
21st day of March, 2013.