**AFFIRMED; Opinion Filed June 14, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01209-CV

**WILLIE CHAPPLE, Appellant**
**V.**
**BOBBY HALL AND YOLANDA HALL, Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-16740**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Willie Chapple appeals from a no-answer default judgment in favor of appellees Bobby

Hall and Yolanda Hall. In his sole issue, Chapple contends the trial court erred in failing to grant

a new trial because he satisfied all three *Craddock*[1] elements. The Halls have not filed a brief in

this appeal. For the reasons set forth below, we affirm the trial court's default judgment. We issue

this memorandum opinion because the issues are well-settled in law. *See* TEX. R. APP. P. 47.4

## BACKGROUND

After being personally served with citation, Chapple failed to answer the lawsuit the Halls

filed against him asserting various causes of action based on the parties' real estate deal/venture

---

[1] *Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124 (Tex. 1939).

involving two rental properties. On July 31, 2018, the trial court signed a default judgment against Chapple awarding the Halls $95,563.25 in damages plus attorney's fees and costs.

Chapple filed an unverified motion for new trial on August 10, 2018 generally asserting his failure to answer was the result of mistake or accident, he had a meritorious defense to the full amount of the judgment, and the granting of a new trial would not prejudice, delay, or cause injury to the other parties. The unsworn motion did not attach any evidence or supporting affidavits. Although Chapple sent notice to the Halls that his motion would be heard on September 10, there is no indication that a hearing was held. The trial court signed an order denying Chapple's motion on September 12, 2018. Chapple then filed a second motion for new trial/motion to reconsider on September 25, 2019.

The second motion contained more extensive grounds for setting aside the default judgment and also included Chapple's supporting affidavit indicating, among other things, he did not understand he had to file an answer to the suit and relied on a friend who was a criminal defense paralegal who told him he would get notice of a trial date. Chapple also stated that although the original agreement called for the parties to split all expenses evenly, the Halls refused to pay for repairs beginning in 2008 and the rental income on the properties was inadequate to cover expenses. Chapple's motion also attached an affidavit from Billie Lewis, the third party involved in the real estate venture. She largely corroborated Chapple's version of the parties' arrangement and events. Although Chapple set the motion for a hearing on October 16, 2018, it does not appear a hearing was held. The trial court denied the motion the following day. Chapple filed this appeal.

## ANALYSIS

In a single issue, Chapple contends the trial court reversibly erred in failing to set aside the default judgment and grant him a new trial because he satisfied all three *Craddock* elements. Under *Craddock*, the judge should set aside a default judgment and grant a new trial if (1) the

–2–

failure to appear before judgment was due to a mistake or an accident and was not intentional or the result of conscious indifference, (2) the motion for new trial sets up a meritorious defense, and (3) is filed at a time when its granting will not cause delay or injury to the plaintiff. *Craddock*, 133 S.W.2d at 126. We review the trial court's ruling on a motion for new trial for an abuse of discretion. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam).

The defaulting party has the burden to present facts establishing all three prongs of the *Craddock* test. *Action Powersports, Inc. v. 1STEL, Inc*., 500 S.W.3d 632, 639–40 (Tex. App.— Texarkana 2016, no pet.). This burden is met with respect to the first element when the factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and are uncontroverted by the plaintiff. *See In re R.R*., 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). "Failing to file an answer intentionally or due to conscious indifference means 'the defendant knew it was sued but did not care.'" *Id.* (quoting *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., Inc*., 186 S.W.3d 571, 576 (Tex. 2006) (per curiam)). We note at the outset that Chapple's first motion for new trial was unverified and attached no evidence. Nevertheless, with respect to the first *Craddock* element, Chapple's motion asserted that Chapple was "unsophisticated in legal matters" and did not understand he was required to file an answer and thought he would receive a hearing notice before any judgment was rendered. Not understanding a citation and then doing nothing after being served does not constitute a mistake of law that is sufficient to meet the first *Craddock* element. *Id*.

With respect to the second *Craddock* element, the motion generally alleged that Chapple was entitled to recover his initial investment in the property and the rental income was inadequate to fund the substantial repairs necessary. A motion for new trial sets up a meritorious defense when the facts alleged in the motion and supporting affidavits present facts that in law constitute a defense. *Lerma*, 288 S.W.3d at 928. The motion must be "supported by affidavits or other

evidence providing prima facie proof that the defendant has such a defense." *Id*. Here, as noted above, there were no affidavits or other evidence that supported the allegations of a meritorious defense in Chapple's first motion for new trial. Accordingly, the trial court did not abuse its discretion in denying the motion.[2]

To the extent Chapple complains about the trial court's denial of his second motion for new trial, we note that this motion was untimely because it was filed (1) after the trial court denied his first motion and (2) more than thirty days after the default judgment was signed. *See McClellan v. HICA Educ. Loan Corp. ex rel. Sallie Mae, Inc.,* 312 S.W.3d 291, 293–94 (Tex. App.—Dallas 2010, no pet.). A trial court's order denying an untimely motion for new trial cannot be the basis of appellate review, even if the trial court acts within its plenary power. *See Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Thus, the trial court's October 17 order denying Chapple's second motion for new trial is a nullity for purposes of preserving issues for appellate review and we need not address it further. *See id*.at 720–21.

## CONCLUSION

Based on the record before us, we conclude the trial court did not err in denying Chapple's first motion for new trial and that his second motion for new trial is a nullity for preserving issues for appellate review. Accordingly, we affirm the trial court's default judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181209F.P05

---

[2] In light of our conclusions with respect to the first two *Craddock* elements, it is unnecessary to address whether Chapple satisfied the third element.

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIE CHAPPLE, Appellant

No. 05-18-01209-CV          V.

BOBBY HALL AND YOLANDA HALL,
Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-16740.
Opinion delivered by Justice Partida-
Kipness, Justices Whitehill and Pedersen,
III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Bobby Hall and Yolanda Hall recover their costs of this appeal from appellant Willie Chapple.

Judgment entered this 14th day of June, 2019.